STEPTOE, JUDGE:
Julia Adkins, hereinafter known as the claimant, seeks an award for personal injuries and property damage she sustained about 0845 on the 7th day of June, 1988, while operating her motor vehicle on West Virginia Secondary Route 14, hereinafter Route 14, at or near the community of Dehue in Logan County, West Virginia.
Claimant alleges that the Division of Highways, hereinafter known as the respondent, was negligent in failing properly to repair the highway at and in the vicinity of the accident, and in failing to keep the highway in a safe condition four the traveling public, and that the negligence of the respondent proximately caused the injuries sustained by the claimant and her property damage.
By order of this Court on the 28th day of May, 1993, hearing of this claim was bifurcated, and the issue of liability was set for hearing on the 29th day of June, 1993, to be followed by a hearing as to damages if liability was established.
At the hearing as to liability on June 29, 1993, the claimant testified that she was alone in her car, a 1985 Ford Escort, driving in a westerly direction on Route 14, from her residence at Yolyn to the city of Logan, a distance of some twelve miles. According to her testimony, she was following by a car length or less a car then being operated by “Ronnie’ (evidently Ronnie Summers, of Yolyn, whose name appears on the list of witnesses), and she estimated her speed immediately prior to the accident to have been 25 to 30 miles per hour. She testified to the existence of a large number of potholes in the surface of the road, and to the extensive use of the road made by heavy coal trucks. She apparently hit a pothole or some other defect or object in the road, with some force and attempted to keep her vehicle in her own lane, but it went out of control, crossing the lane *28 reserved for the use of oncoming traffic and smashing into the metal guardrail on the other side of the road. The impact of her car against the guardrail evidently three her violently against unknown interior parts of her car and she was rendered unconscious, from which state she gradually emerged while being removed from her car by emergency medical personnel who had been called and who took her to a hospital.
About a week after the accident, claimant took, or caused to be taken, five photographs of the scene of the accident, which were admitted into the evidence. The pictures show Route 14 at the scene of the accident as running between a high rock wall on the northerly side of the road, and a coal preparation plant on the southerly side. The paved portion of the road appears to be some twenty feet in width, on either side of which are unpaved shoulders of widths varying from three feet to six feet. The original asphalt pavement appears to have numerous line cracks, which are not dangerous, but where the accident took place another layer of asphalt had been superimposed upon the original surface, for some undisclosed reason; there also appear to be a number of potholes, none of which appear to be large or dep; the pothole tentatively identified by claimant as the one her car struck seems to be one of the smaller ones.
Claimant testified that at the time of the accident the weather was clear and the road was dry. No other car was involved.
No other person testified for the claimant. There was no police report of the accident, which probably was not investigated by the police.
The respondent produced only one witness, Everett Bowder, who did not see the accident, but who is and was at and before the accident employed by the respondent as foreman of the Man substation of the respondent in Logan County, with supervisory responsibility for the performance of maintenance in the area if Logan County where the accident took place, he confirmed claimant’s statement that Route 14 is heavily used by coal-hauling trucks, which he blamed for the surface irregularities of Route 14 and other roads in coal-producing areas of the State, especially in the winter months. During cold weather it is their practice, following directives, to patch potholes with a cold mix of asphalt, which often pops right out of the hole, especially under heavy traffic, but apparently there is nothing else they can do until the advent of warm weather, when hot asphalt is available and is much more effective. This witness produced work records kept in the ordinary course of his work and required of him, for work performed by his men on Route 14 between January 14,1988, and June 7,1988, showing that patching was done on January 14,1988, and that on March 22 and 23,1988, Route 14 was patched form one end to the other. Additionally, his crew worked sixteen days, or parts thereof, on Route 14, during said period, doing maintenance of various kinds, including the aforesaid patching. The witness testified that he had received no complaints from the public during said period concerning the condition of Route 14.
Findings of Fact
1) Route 14 is Logan County, West Virginia, is a secondary road about ten miles *29 long, serving for the most part coal-hauling trucks and the residents of nearby rural communities.
2) S aid road bears an asphalt surface which is adequately maintained during most of the year but which, during the cold months, due to freezing and thawing and to heavy use of coal-hauling tmcks, develops potholes and other irregularities, which maintenance forces are unable to repair immediately and permanently. Respondent received no complaints as to the condition of the road from and after January 14,1988, to the date of claimant’s accident.
3) Claimant, before the accident, was quite familiar with the road and its surface condition, having used the road for years as her road of choice for the purpose of doing her marketing and shopping and for transacting business in the city of Logan.
4) In the operation of her motor vehicle immediately before the accident, claimant’s vehicle was so close to the vehicle ahead that she probably could not have avoided the accident if she had seen it.
5) Claimant’s cause of action is predicted upon alleged negligence of the respondent in the maintenance of Route 14 at and near the scene of her accident. During the five-month period preceding her accident, respondent performed routine maintenance on the road, including the patching of potholes, but winter weather heavy traffic, and intrinsic inadequacy of the only known patching material combined to make it inevitable that winter efforts to control surface irregularities would not be wholly effective.
6) It has been demonstrated, and proved, that at the time of the accident, there were potholes in the surface of the road in the vicinity of the accident, and the surface was rough. Claimáht has not proven the existence of any pothole which, by reason of its size or depth, could have been expected to cause an accident and which was known to or should have been known by the respondent.
Conclusion of Law
Respondent was not guilty of negligence in producing the accident in which claimant received personal injuries and sustained property damage.
Claim disallowed.